UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AVERY GOSS,
    Plaintiff,

vs.                                    Case No.: 3:20cv5369/LAC/EMT

SCOTT DUNCAN
and AMY C. SHEA,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Avery Goss (Goss), an inmate of the Florida Department of Corrections, is proceeding pro se and in forma pauperis in this civil rights case filed under 42 U.S.C. § 1983. Presently before the court is Goss' Amended Complaint (ECF No. 13).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by Goss, it is the opinion of the undersigned that his claims should be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

I. BACKGROUND

Goss names two Defendants in this case, Scott Duncan, a circuit judge in the Circuit Court in and for Santa Rosa County, Florida, and Amy C. Shea, an assistant state attorney (ASA) in the First Judicial Circuit of Florida (*see* ECF No. 13 at 1–2). Goss alleges Judge Duncan and ASA Shea convicted him in violation of his Fifth and Sixth Amendment rights and Rule 3.152(b)(1)(A) of the Florida Rules of Criminal Procedure (*id.* at 5, 7).[1] Goss seeks monetary damages in the amount of $500,000.00 and injunctive relief (i.e., release from prison and a new trial) (*id.* at 7).

II. DISCUSSION

Because Goss is a prisoner proceeding in forma pauperis, federal statutes require the court to dismiss this case if the court determines that the case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### A. Goss' Request for Monetary Damages

Goss seeks monetary damages from Judge Duncan and ASA Shea for alleged constitutional violations that occurred during his state criminal proceedings.

---

[1] Rule 3.152(b)(1)(A) governs the severance of defendants before trial. Fla. R. Crim. P. 3.152(b)(1)(A).

Case No.: 3:20cv5369/LAC/EMT

Judges are entitled to absolute judicial immunity from damages for acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute judicial immunity "applies even when the judge's conduct was in error, was done maliciously, or was in excess of his authority." *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (internal quotation marks and citation omitted).

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Sibley*, 437 F.3d at 1070.

Here, Goss alleges Judge Duncan acted unconstitutionally during his criminal proceedings by depriving him of his rights to due process and a fair trial, and failing to sever his trial from his co-defendant's trial. Judge Duncan was acting in his judicial capacity when he made the severance decision, and there is no allegation or indication that Judge Duncan acted in the clear absence of jurisdiction. Therefore, Judge Duncan is entitled to judicial immunity from Goss' § 1983 claims. *See Stevens*, 877 F.3d at 1301; *Sibley*, 437 F.3d at 1070.

Similarly, Goss' claims for monetary damages against ASA Shea are subject to dismissal under the doctrine of prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court considered whether traditional common-law immunities for prosecutors, which derived from immunities recognized for judges, applied to civil cases brought under § 1983. The Supreme Court concluded that they did. *Id.*, 424 U.S. at 427–28 (citation omitted). The Court has explained that the common law gives absolute immunity in § 1983 actions for activities that are "'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

"[A] functional approach has evolved to determine whether executive branch public officials should be granted absolute immunity for taking particular actions, or whether they should enjoy instead only the qualified immunity normally afforded public officials." *Jones*, 174 F.3d at 1282. This functional approach looks to the nature of the function performed, not to the identity of the person who performed it. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Under this functional analysis, executive branch officials are entitled to absolute immunity for certain functions intimately associated with the judicial process. *Van de Kamp*, 555 U.S. at 343.

Subsequent Supreme Court decisions established outer bounds on what activities qualify for prosecutorial immunity and to which individuals it applies. Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. *See Imbler*, 424 U.S. at 431. A prosecutor is immune for malicious prosecution. *See Malley v. Briggs*, 475 U.S. 335, 342–43 (1986). Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing. *See Burns v. Reed*, 500 U.S. 478, 490–92 (1991); *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).

Applying these principles, the Eleventh Circuit has emphasized that "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281. Such absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (quotation marks and citation omitted); *accord Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). Prosecutors have absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the

prison system, [and] threatening . . . further criminal prosecutions . . . ." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quotation marks and citations omitted).

Here, Goss is apparently suing ASA Shea for pursuing the prosecution against him and for presenting the State's case. These functions clearly concerned her function as an advocate for the State. Therefore, she is entitled to prosecutorial immunity from Goss' § 1983 claims.

**B.    Goss' Request for Injunctive Relief**

In addition to monetary damages, Goss seeks release from prison and a new criminal trial (Amended Complaint, ECF No. 13 at 7). An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: (1) a petition for habeas corpus under § 2254 and (2) a complaint under 42 U.S.C. § 1983. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). These two options "are mutually exclusive." *Id.* Thus, "if a claim can be properly raised in one of those proceedings[,] it cannot be raised in the other type of proceeding." *Valle v. Sec'y, Fla. Dep't of Corr.*, 654 F.3d 1266, 1267 (11th Cir. 2011).

Goss' claims that he is entitled to release from prison and a new trial due to alleged constitutional violations that occurred during his state criminal trial are properly raised in a habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a)

(providing habeas corpus remedy for any person in custody pursuant to the judgment of a State court on the ground that he is in custody in violation of the Constitution). Because Goss' claims may be properly raised in a habeas petition under § 2254, they cannot be raised in a civil rights action.

III.   CONCLUSION

Goss seeks monetary relief against Defendants who are immune from such relief. Further, Goss' claims that he is entitled to release from prison and a new trial, based upon alleged constitutional errors that occurred during trial, are properly brought in habeas corpus, not a civil rights action under § 1983. Therefore, the undersigned recommends that Goss' claims be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) and § 1915A(b)(1)–(2).

Accordingly, it is respectfully **RECOMMENDED**:

1.   That Plaintiff's claims against Defendants be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) and § 1915A(b)(1)–(2); and

2.   That the clerk of court enter judgment accordingly and close the case.

At Pensacola, Florida, this 14th day of September 2020.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:20cv5369/LAC/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**